**In the United States District Court
for the District of Kansas**

---

Case No. 19-cv-02449-TC-ADM

---

BUDICAK, INC., ET AL.,

*Plaintiffs*

v.

LANSING TRADE GROUP, LLC, ET AL.,

*Defendants*

---

## ORDER

On April 29, 2022, Plaintiffs filed a motion for preliminary approval of class action settlements with Defendants Lansing Trade Group, LLC and Cascade Commodity Consulting, LLC. Doc. 349. Under the Federal Rules, after proposing a class settlement, "[t]he parties must provide the court with information sufficient to enable it to determine whether to give notice of the proposal to the class." Fed. R. Civ. P. 23(e)(1)(A).

A hearing has been scheduled for December 16, 2022, so the parties may provide the Court with further information and address the Court's questions about the proposed settlements. Doc. 354. Parties should be prepared to address the following issues.

- *Settlement agreement with Cascade.* These proposed settlements provide no financial contribution from Cascade. It is not clear what, if any, value Cascade's "reasonable cooperation" against Lansing provides to Plaintiffs. Specifically, parties should address what information Cascade offered that it would not have been obligated to during discovery, what portion of Plaintiffs' damages are attributable to Cascade, Plaintiffs' theory of recovery, and how likely Plaintiffs would be to prevail in their claims.

1

- *Supplemental termination agreement.* Section 19(e) of the proposed Lansing settlement mentions a "Supplemental Agreement" that Lansing and Plaintiffs propose to enter into in concert with this settlement, stipulating further conditions under which Lansing may terminate the settlement. This agreement must be reviewed, in camera if necessary, to ensure it provides adequate relief for the class. The parties should be prepared to share and discuss any other side agreements at the hearing.

- *Other cases.* The parties have not identified any other cases arising out of the same facts as in Plaintiffs' complaint. If others have filed or are now filing similar claims, those cases should be identified. For example, Section 1(ee) of the proposed Lansing settlement identifies the claims asserted in *Dennis v. The Andersons, Inc.*, No. 1:20-cv-04090 (N.D. Ill.) as claims that are not settled by this agreement, but it does not explain how those claims relate to the claims here.

- *Nature of the settlement.* Details about the proposed settlement will be confirmed at the hearing, including how the funds would be distributed among class members, how many claimants there will likely be, the approximate pro rata value of the settlement to class members, and how that value compares to parties' estimates of the amount Plaintiffs could recover at trial.

- *Administration.* Parties should clarify how the Settlement Administrator and Escrow Agent were selected and how they are or will be compensated.

- *Simplicity of recovery.* If approved, these settlements should make recovery as simple as possible for class members. The process for submitting information for recovery will be reviewed, including the releases claimants would need to sign and information they would need to produce to participate. The proof of claim and notice forms themselves must be as accessible as possible.

2

- *Class definition.* Are there any other kinds of transactions that would be covered by this class definition but for which Plaintiffs' claims are atypical?

- *Attorney's fees.* Attorney's fees must comply with all applicable ethics rules, including those for contingency fees. The parties should be prepared to explain all claimed expenses, including the up to $750,000 that Plaintiffs' Counsel seeks, Doc. 351 at ¶ 44, and present all expenses incurred so far. This includes a record of the time attorneys have spent on this matter and an estimate of the further time they will likely spend to complete it. Parties will also explain the references to interest in Section 4(b) of the proposed Lansing settlement.

If any evidence needed to support the proposed settlements is confidential, in camera may be appropriate.

It is so ordered.

Date: December 9, 2022                    s/ Toby Crouse
                                                  Toby Crouse
                                                  United States District Judge