**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| BUDICAK, INC., BLUE MARLIN ARBITRAGE, LLC, and PRIME TRADING, LLC, individually and on behalf of others similarly situated,<br><br>        Plaintiffs,<br><br>  v.<br><br>LANSING TRADE GROUP, LLC, CASCADE COMMODITY CONSULTING, LLC, and JOHN DOES NOS. 6-10,<br><br>        Defendants. | Case No. 2:19-cv-02449<br><br>District Judge Toby Crouse<br><br>Magistrate Judge Angel D. Mitchell |

**ORDER PRELIMINARILY APPROVING
PROPOSED SETTLEMENT WITH LANSING TRADE GROUP, LLC,
SCHEDULING HEARING FOR FINAL APPROVAL THEREOF, AND APPROVING
<u>THE PROPOSED FORM AND PROGRAM OF NOTICE TO THE CLASS</u>**

Plaintiffs Budicak, Inc., Blue Marlin Arbitrage, LLC, and Prime Trading, LLC ("Plaintiffs") and the Settlement Class having applied for an order preliminarily approving the proposed settlement ("Settlement") of this Action against Defendant Lansing Trade Group, LLC ("Lansing") in accordance with the Stipulation and Agreement of Settlement entered into on April 29, 2022 (the "Stipulation") between Plaintiffs and Lansing; the Court having read and considered the Stipulation and accompanying documents; and Plaintiffs and Lansing (collectively, the "Parties") having consented to the entry of this Order,

NOW, THEREFORE, on this 19th day of December, 2022, upon application of the Parties,

**IT IS HEREBY ORDERED THAT**:

1. Except for the terms expressly defined herein, the Court adopts and incorporates the definitions in the Stipulation for the purposes of this Order.

2. The Court finds that it has subject matter jurisdiction to preliminarily approve the Stipulation, including all exhibits thereto, and the Settlement contained therein under 28 U.S.C. § 1331.

3. Solely for purposes of the Settlement, the Settlement Class is hereby preliminarily certified and maintained as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure. The Court finds that the applicable provisions of Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied and that the Court will likely be able to approve the Settlement and certify the Settlement Class for purposes of judgment. The Settlement Class is defined as:

> All Persons or entities that transacted in CBOT Wheat Futures or Options[1] during February 1, 2015 through May 15, 2015 (the "Class Period"). Excluded from the Settlement Class are: Defendants and their direct or indirect parents, subsidiaries, affiliates, divisions, officers, directors, employees, and agents, whether or not

---

[1] "CBOT Wheat Futures or Options" means wheat futures and options contracts traded on the Chicago Board of Trade ("CBOT").

named as a Defendant; the United States government; and any judicial officer presiding over this Action and the members of his or her immediate family and judicial staff. Also excluded from the Settlement Class is any Person or entity who or which properly excludes himself, herself, or itself by filing a valid and timely request for exclusion in accordance with the requirements set forth in the Class Notice, and who is excluded from the Settlement Class by order of the Court.

4. The Court hereby appoints Lowey Dannenberg, P.C. and Cafferty Clobes Meriwether & Sprengel, LLP as Class Counsel to such Settlement Class for purposes of the Settlement, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

5. The Court appoints A.B. Data, Ltd. as Settlement Administrator for purposes of the Settlement.

6. Plaintiffs are hereby appointed as representatives of the Settlement Class.

7. An in-person hearing will be held on June 9, 2023 at 9:00 a.m. Central Time, at the United States District Court for the District of Kansas, 500 State Ave, Kansas City, KS 66101, before the undersigned, to consider the fairness, reasonableness, and adequacy of the Settlement (the "Settlement Hearing"). The foregoing date, time, and place of the Settlement Hearing shall be set forth in the Class Notice, which is ordered herein, but shall be subject to adjournment or change by the Court without further notice to the members of the Settlement Class, other than that which may be posted at the Court or on the Settlement website at www.2015CBOTwheatfutures classactionsettlement.com.

8. The Court reserves the right to approve the Settlement at or after the Settlement Hearing with such modifications as may be consented to by the Parties and without further notice to the Settlement Class.

9. The terms of the Stipulation are hereby preliminarily approved. The Court finds that the Settlement was entered into at arm's-length by experienced counsel and is sufficiently

within the range of reasonableness, fairness, and adequacy, and that notice of the Settlement should be given as provided in this Order because the Court will likely be able to approve the Settlement under Rule 23(e)(2) of the Federal Rules of Civil Procedure. The Court also finds that it will likely be able to conclude that the Settlement was fairly and honestly negotiated, serious questions of fact and law exist, an immediate recovery outweighs the possibility of future relief after protracted and expensive litigation, and the judgment of the parties is that the Settlement is fair and reasonable. The terms of the proposed Distribution Plan and the Proof of Claim and Release also are preliminarily approved as within the range of reasonableness, fairness, and adequacy.

10. All proceedings in this Action as to Lansing, other than such proceedings as may be necessary to implement the proposed Settlement or to effectuate the terms of the Stipulation, are hereby stayed and suspended until further order of this Court.

11. All Settlement Class Members and their legally authorized representatives, unless and until they have submitted a valid request for exclusion from the Settlement Class (hereinafter, "Request for Exclusion"), are hereby preliminarily enjoined (i) from filing, commencing, prosecuting, intervening in, or participating as a plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on the facts, conduct, or events, during the Class Period, underlying this Action; (ii) from filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any Settlement Class Members (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on the facts, conduct, or events, during the Class Period, underlying this Action; and (iii) from attempting to effect an opt-out of a group, class, or subclass of individuals in any lawsuit

or administrative, regulatory, arbitration, or other proceeding based on the facts, conduct, or events, during the Class Period, underlying this Action .

12. Within thirty-five (35) days after entry of this Order, the Settlement Administrator shall cause copies of the mailed notice, in the form (without material variation) of Exhibit 4 to the Joint Declaration of Raymond P. Girnys and Jennifer W. Sprengel, dated April 29, 2022 ("Joint Decl."), to begin being mailed by United States first class mail, postage prepaid, as described in the proposed Class Notice plan.  Joint Decl. Ex. 3. The foregoing mailings shall be completed no later than sixty-five (65) days after the date of the entry of this Order.

13. Within thirty-five (35) days after entry of this Order, the Settlement Administrator shall cause to be published a publication notice, without material variation from Exhibit 5 to the Joint Decl., as described in the proposed Class Notice plan.  Joint Decl. Ex. 3.

14. The Settlement Administrator shall maintain a Settlement website, www.2015CBOTwheatfuturesclassactionsettlement.com, beginning no later than the first date of mailing notice to the Class and remaining until the termination of the administration of the Settlement. The website shall include copies of the Stipulation (including exhibits), this Order, the mailed and publication notices, the motion for preliminary approval and all exhibits attached thereto, and the Distribution Plan, and shall identify important deadlines and provide answers to frequently asked questions. The website may be amended as appropriate during the course of the administration of the Settlement. The Settlement website, www.2015CBOTwheatfutures classactionsettlement.com, shall be searchable on the Internet.

15. The Settlement Administrator shall maintain a toll-free interactive voice response telephone system containing recorded answers to frequently asked questions, along with an option permitting callers to speak to live operators or to leave messages in a voicemail box.

4

16. The Court approves, in form and substance, the mailed notice, the publication notice, and the website as described herein. The Class Notice plan specified herein (i) is the best notice practicable under the circumstances; (ii) is reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency and status of this Action and of their right to object to or exclude themselves from the proposed Settlement; (iii) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice of the Settlement Hearing; and (iv) fully satisfies all applicable requirements of Rule 23 of the Federal Rules of Civil Procedure, Due Process, and any other applicable rules or laws.

17. At least seventy-five (75) days prior to the Settlement Hearing, the Settlement Administrator shall serve and file a sworn statement attesting to compliance with the notice provisions in paragraphs 12-15 of this Order.

18. Any Settlement Class Member that objects to the fairness, reasonableness, or adequacy of any term or aspect of the Settlement, the application for attorneys' fees and expenses, or the Final Approval Order and Final Judgment, or who otherwise wishes to be heard, may appear in person or by his or her attorney at the Settlement Hearing and present evidence or argument that may be proper and relevant. However, except for good cause shown, no person other than Class Counsel and Lansing's Counsel shall be heard and no papers, briefs, pleadings, or other documents submitted by any Settlement Class Member shall be considered by the Court unless, not later than sixty (60) days prior to the Settlement Hearing, the Settlement Class Member files with the Court (and serves the same on or before the date of such filing by hand or overnight mail on the Class Counsel and Lansing's Counsel) a statement of the objection, as well as the specific legal and factual reasons for each objection, including all support that the objecting Settlement Class Member wishes to bring to the Court's attention and all evidence the objecting Settlement Class

5

Member wishes to introduce in support of his, her, or its objection. Such submission must contain: (1) the name, address, and telephone number of the Person or entity objecting (and in the case of entities, the name and telephone number of the appropriate contact person) and must be signed by the objector or his, her, or its legally authorized representative (an attorney's signature is not sufficient); (2) a heading that refers to this Action by case name and case number ("*Budicak, Inc., et al. v. Lansing Trade Group, LLC, et al.*, No. 2:19-cv-02449 (D. Kan.)"); (3) a statement of the Class Member's objection or objections, and the specific legal and factual basis for each objection argument, including a description of any and all evidence the objecting Person or entity may offer at the Settlement Hearing, including but not limited to the names, addresses, and expected testimony of any witnesses; and all exhibits intended to be introduced at the Settlement Hearing; (4) whether the objection applies only to the objecting person, a specific subset of the Settlement Class or the entire Settlement Class; (5) documentary proof of the objecting Person's membership in the Settlement Class, including a description of the transaction(s) entered into by the Settlement Class Member that fall within the Settlement Class definition (including, the type and number of contract(s) traded, and the date(s) and (if available) price(s) at with the position was acquired); (6) a statement of whether the objecting Person or entity intends to appear at the Settlement Hearing, either in person or through counsel and, if through counsel, a statement identifying that counsel by name, address, telephone number, and e-mail address; and (7) a list of other cases in which the objector or counsel for the objector has appeared either as an objector or counsel for an objector in the last five years. Persons who have timely submitted a valid Request for Exclusion are not Settlement Class Members and are not entitled to object.

19.     Any objection to the Settlement submitted by a Settlement Class Member pursuant to paragraph 18 of this Order must be signed by the Settlement Class Member (or his, her, or its

legally authorized representative), even if the Settlement Class Member is represented by counsel. The right to object to the proposed Settlement must be exercised individually by a Settlement Class Member or the Person's attorney, and not as a member of a group, class, or subclass, except that such objections may be submitted by a Settlement Class Member's legally authorized representative.

20. Objectors may, in certain circumstances, be required to make themselves available to be deposed by any Party in the District of Kansas or the county of the objector's residence or principal place of business within seven (7) days of service of the objector's timely written objection.

21. Any member of the Settlement Class or governmental entity that fails to object in the manner described in paragraphs 18-20 of this Order shall be deemed to have waived the right to object (including any right of appeal) and shall be forever barred from raising such objection in this or any other action or proceeding related to or arising out of the Settlement. Discovery concerning any purported objections to the Settlement shall be completed no later than fourteen (14) days before the Settlement Hearing. Class Counsel, Lansing's Counsel, and any other Persons wishing to oppose timely-filed objections in writing may do so not later than seven (7) days before the Settlement Hearing.

22. Any Request for Exclusion from the Settlement by a Settlement Class Member must be sent in writing by U.S. first class mail (or, if sent from outside the U.S., by a service that provides for guaranteed delivery within five (5) or fewer calendar days of mailing) to the Settlement Administrator at the address in the mailed notice and received no later than sixty (60) days before the Settlement Hearing (the "Exclusion Bar Date"). Any Request for Exclusion must contain the following information:

    (a) the name(s), address(es), and telephone number(s) of the Person or entity seeking exclusion, and in the case of entities, the name and telephone number of the appropriate contact person;

    (b) a statement that such Person or entity requests to be excluded from the Settlement Class in this Action ("*Budicak, Inc., et al. v. Lansing Trade Group, LLC, et al.*, No. 2:19-cv-02449 (D. Kan.)");

    (c) if possible, one or more document(s) sufficient to prove membership in the Settlement Class, as well as proof of authorization to submit the Request for Exclusion if submitted by an authorized representative.

With respect to the kinds of documents that are requested under subsection (c) of this Paragraph, and in connection with the Parties' need for certain information to effectuate the confidential provision setting forth conditions under which the Settlement may be terminated if potential Class Members who meet certain criteria exclude themselves, any Class Member seeking to exclude himself, herself or itself from the Settlement Class are also requested to provide the following:

    i. Documents showing the futures and options positions the Class Member held in each of the March, May, July, and September 2015 CBOT SRW wheat futures contracts on each day between March 5, 2015 and April 30, 2015. The Class Member may provide these documents by including them with their written Request for Exclusion. The types of documents Class Members may submit include, but are not limited to, trading statements and spreadsheets.

    ii. If Class Members seeking exclusion from the Settlement do not have the information or documents requested above, Class Members are requested to provide with their Request for Exclusion the name of the futures commission merchant(s) they used in connection with eligible trading and their account numbers with those futures commission merchants.

    23.    Any Request for Exclusion from the Settlement submitted by a Settlement Class Member pursuant to paragraph 22 of this Order must be signed by the Settlement Class Member (or his, her, or its legally authorized representative), even if the Settlement Class Member is represented by counsel. The right to be excluded from the proposed Settlement must be exercised individually by a Settlement Class Member or his, her, or its attorney, and not as a member of a group, class, or subclass, except that a Request for Exclusion may be submitted by a Settlement Class Member's legally authorized representative. A Request for Exclusion shall not be effective

unless it provides all of the required information listed in paragraph 22 of this Order, complies with this paragraph 23, and is received by the Exclusion Bar Date, as set forth in the Class Notice. The Parties may seek discovery, including by subpoena, from any Settlement Class Member who submits any Request for Exclusion limited to information the Parties require for purposes of determining whether the confidential provision setting forth certain conditions under which the Settlement may be terminated if potential Class Members who meet certain criteria exclude themselves from the Settlement Class has been triggered.

24. Any Settlement Class Member who does not submit a timely and valid written Request for Exclusion from the Settlement Class shall be bound by all proceedings, orders, and judgments in the Action, even if the Settlement Class Member has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Settled Claims, and even if such Settlement Class Member never received actual notice of the Action or the proposed Settlement.

25. The Settlement Administrator shall promptly log each Request for Exclusion that it receives and provide copies of the log to Class Counsel and Lansing's Counsel as requested.

26. The Settlement Administrator shall furnish Class Counsel and Lansing's Counsel with copies of any and all objections, notices of intention to appear, and other communications that come into its possession (except as otherwise expressly provided in the Stipulation) within one (1) business day of receipt thereof.

27. Within five (5) Business Days following the Exclusion Bar Date, the Settlement Administrator shall prepare an opt-out list identifying all Persons, if any, who submitted a timely and valid Request for Exclusion from the Settlement Class, as provided in the Stipulation, and an affidavit attesting to the accuracy of the opt-out list. The Settlement Administrator shall provide

Lansing's Counsel and Class Counsel with copies of any Requests for Exclusion (including all documents submitted with such requests) and any written revocations of Requests for Exclusion as soon as possible after receipt by the Settlement Administrator and, in any event, within one (1) business day after receipt by the Settlement Administrator and, in no event, later than five (5) business days after the Exclusion Bar Date. Class Counsel shall file the opt-out list and affidavit of the Settlement Administrator attesting to the accuracy of such list with the Court.

28. All Proofs of Claim and Release shall be submitted by members of the Settlement Class to the Settlement Administrator as directed in the mailed notice and must be postmarked no later than thirty (30) days after the Settlement Hearing.

29. To effectuate the Settlement and the notice provisions, the Settlement Administrator shall be responsible for: (a) establishing a P.O. Box (to be identified in the mailed notice and the publication notice), a toll-free interactive voice response telephone system and call center, and the Settlement website for the purpose of communicating with Settlement Class Members; (b) effectuating the Class Notice plan, including by running Settlement Class Members' addresses through the National Change of Address Database to obtain the most current address for each person; (c) accepting and maintaining documents sent from Settlement Class Members, including Proofs of Claim and Release, and other documents relating to the Settlement and its administration; (d) administering claims for allocation of funds among Settlement Class Members; (e) determining the timeliness of each Proof of Claim and Release submitted by Settlement Class Members, and the adequacy of the supporting documents submitted by Settlement Class Members; (f) corresponding with Settlement Class Members regarding any deficiencies in their Proofs of Claim and Release and regarding the final value of any allowed claim; (g) calculating each Authorized Claimant's allowed claim pursuant to the Distribution Plan; (h) determining the

timeliness and validity of all Requests for Exclusion received from Settlement Class Members; (i) preparing the opt-out list and an affidavit attaching and attesting to the accuracy of such list, and providing same to Class Counsel and Lansing's Counsel; and (j) providing Class Counsel and Lansing's Counsel with copies of any Requests for Exclusion (including all documents submitted with such requests).

30.     The Settlement Administrator shall maintain a copy of all paper communications related to the Settlement for a period of one (1) year after distribution of the Net Settlement Fund defined in the Stipulation ("Net Settlement Fund"), and shall maintain a copy of all electronic communications related to the Settlement for a period of three (3) years after distribution of the Net Settlement Fund, after which time all such materials shall be destroyed, absent further direction from the Parties or the Court.

31.     The Court preliminarily approves the establishment of the Settlement Fund defined in the Stipulation (the "Settlement Fund") as a qualified settlement fund pursuant to Section 468B of the Internal Revenue Code of 1986, as amended, and the Treasury Regulations promulgated thereunder.

32.     The Court appoints Citibank, N.A. to act as Escrow Agent for the Settlement Fund.

33.     Neither the Stipulation (nor any of its exhibits), whether or not it shall become final, nor any negotiations, documents, and discussions associated with it, nor the Final Approval Order and Final Judgment are or shall be deemed or construed to be an admission, adjudication, or evidence of: (a) any violation of any statute or law or of any liability or wrongdoing by Lansing or any Released Party; (b) the truth of any of the claims or allegations alleged in the Action; (c) the incurrence of any damage, loss, or injury by any Person; (d) the existence or amount of any manipulation of the market for CBOT Wheat Futures or Options and the prices of any CBOT

11

Wheat Futures or Options Transaction; or (e) the propriety of certification of a class other than solely for purposes of the Settlement. Further, neither the Stipulation (including its exhibits), whether or not it shall become final, nor any negotiations, documents, and discussions associated with it, nor the Final Approval Order and Final Judgment, may be discoverable or used directly or indirectly, in any way, whether in the Action or in any other action or proceeding of any nature, whether by the Settlement Class or any Person, except if warranted by existing law in connection with a dispute under the Stipulation or an action in which such documents are asserted as a defense. All rights of Lansing and Plaintiffs are reserved and retained if the Settlement does not become final in accordance with the terms of the Stipulation.

34. Class Counsel shall file their motions for payment of attorneys' fees and reimbursement of expenses, incentive awards, and for final approval of the Settlement at least seventy-five (75) days prior to the Settlement Hearing, and reply papers, if any, shall be filed no later than seven (7) days before the Settlement Hearing.

35. If the Settlement is approved by the Court following the Settlement Hearing, a Final Approval Order and Final Judgment will be entered as described in the Stipulation.

36. The Court may, for good cause, extend any of the deadlines set forth in this Order without notice to members of the Settlement Class, other than that which may be posted at the Court or on the Settlement website, www.2015CBOTwheatfuturesclassactionsettlement.com.

37. In the event that the Settlement is terminated in accordance with its provisions, such terminated Stipulation and all proceedings had in connection therewith, including but not limited to all negotiations, documents, and discussions associated with it, and any Requests for Exclusion from the Settlement previously submitted and deemed to be valid and timely, shall be null and

void and be of no force and effect, except as expressly provided to the contrary in the Stipulation, and shall be without prejudice to the *status quo ante* rights of the Parties.

38.     If the Settlement is terminated or is ultimately not approved, the Court will modify any existing scheduling order to ensure that the Parties will have sufficient time to prepare for the resumption of litigation.

39.     Unless otherwise specified, the word "days," as used herein, means calendar days. In the event that any date or deadline set forth herein falls on a weekend or federal or state legal holiday, such date or deadline shall be deemed moved to the first business day thereafter.

**IT IS SO ORDERED.**

Signed this 19th day of December, 2022, at the Courthouse for the United States District Court for the District of Kansas.

                                                              s/ Toby Crouse

                                                              The Honorable Toby Crouse
                                                              United States District Court Judge