**In the United States District Court
for the District of Kansas**

---

Case No. 19-cv-02449-TC-ADM

---

BUDICAK INC., ET AL.,

*Plaintiffs*

v.

LANSING TRADE GROUP, LLC, ET AL.,

*Defendants*

---

# ORDER

On December 19, 2022, a proposed settlement between Plaintiffs and Defendant Cascade Commodity Consulting, LLC, was preliminarily approved. Doc. 359. After the members of the putative class were given notice and an opportunity to opt out of the settlement, *see generally* Doc. 367, Plaintiffs filed an uncontested Motion for Final Approval of Class Action Settlement, Doc. 364, and a final settlement hearing was held, *see* Doc. 376. Based on the filings on the docket and the testimony at the hearing, the following are ordered.

1. This Order uses the definitions in the Stipulation unless it otherwise expressly defines a term.

2. Subject-matter jurisdiction exists under 28 U.S.C. § 1331 to enter this Final Approval Order and Final Judgment. Personal jurisdiction also exists over the Plaintiffs, Cascade, and all Settlement Class Members.

3. For purposes only of this settlement, the Settlement Class as defined in the Preliminary Approval Order, Doc. 359, is certified.

4. Solely for purposes of settlement, the Settlement Class meets all of the applicable requirements of Federal Rules of Civil Procedure 23(a) and (b)(3). Specifically, for purposes of this settlement, the Settlement Class is so numerous that joinder of all Class Members is impracticable; common questions of law and fact exist with regard to Cascade's alleged

1

manipulation of the market for CBOT Wheat Futures or Options, Plaintiffs' claims in this litigation are typical of those of the Class Members, and Plaintiffs' interests do not conflict with, and are co-extensive with, those of absent Class Members, all of whose claims arise from the identical factual predicate, and Plaintiffs and Class Counsel have adequately represented the interests of all Class Members. Fed. R. Civ. P. 23(a)(1)–(4). Solely for purposes of settlement, common issues of fact and law predominate over any questions affecting only individual members and that a class action is superior to other available methods for fairly and efficiently adjudicating this controversy. Rule 23(b)(3). Plaintiffs are certified as representatives of the Settlement Class. Pursuant to Rule 23(g), Cafferty Clobes Meriwether & Sprengel, LLP, and Lowey Dannenberg, P.C., are certified as class counsel for the Settlement Class.

5. The mailed notice, publication notice, Settlement website, and Class Notice plan implemented pursuant to the Stipulation and the Preliminary Approval Order constituted the best notice practicable under the circumstances; constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of this Action, of their right to exclude themselves from or object to the proposed Settlement, of their right to appear at the Settlement Hearing, of the Distribution Plan, and of Class Counsel's application for an award of attorneys' fees, for reimbursement of expenses associated with the Action, and any Incentive Award; provided a full and fair opportunity to all Class Members to be heard with respect to the foregoing matters; and satisfied Federal Rule of Civil Procedure 23.

6. One Class Member requested to be excluded from the Settlement Class. That excluded Class Member is identified in the Exclusion Report filed by Jack Ewashko on behalf of A.B. Data. Doc. 375-1 at 2.

7. No objections to the proposed Settlement have been submitted. Notwithstanding the lack of objections, all relevant factors have been considered and an independent examination into the propriety of the proposed Settlement has been conducted.

8. Plaintiffs and the Releasing Parties are bound by the Stipulation and this Order and Final Judgment, and the Action and the Settled Claims against any of the Released Parties, as provided under the Stipulation, are dismissed with prejudice and released. The Parties shall bear their own costs, except as otherwise provided in the Stipulation.

9. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Settlement set forth in the Stipulation is finally approved. The Settlement

meets all requirements of Federal Rule of Civil Procedure 23(e) and is, in all respects, fair, reasonable and adequate, and in the best interests of the Settlement Class, including Plaintiffs. Furthermore, the Settlement set forth in the Stipulation is the result of arm's-length, non-collusive negotiations between experienced counsel representing the interests of the Parties with the assistance of a third-party mediator; Class Counsel and Plaintiffs adequately represented the Settlement Class for the purpose of entering into and implementing the Stipulation; the relief provided for the Settlement Class is adequate; the Stipulation and Distribution Plan treats Class Members equitably relative to each other; and the record is sufficiently developed and complete to have enabled Plaintiffs and Cascade to have adequately evaluated and considered their positions. Accordingly, the Settlement embodied in the Stipulation is approved in all respects. The Parties are directed to carry out the Stipulation in accordance with all of its terms and provisions, including the termination provisions.

10. To the extent permitted by law, the Court reserves exclusive jurisdiction over the Settlement. The Court also retains exclusive jurisdiction to resolve any disputes that arise out of or relate to the Stipulation, the Settlement, or the Settlement Fund, to consider or approve administration costs and fees, including but not limited to fees and expenses incurred to administer the Settlement after the entry of the Final Approval Order and Final Judgment, and to consider or approve the amounts of distributions to Class Members. Any disputes involving Plaintiffs, Cascade, or Class Members concerning the implementation of the Stipulation shall be submitted to the Court.

11. Each Class Member must execute a release and covenant not to sue in conformity with the Stipulation, as incorporated into the Proof of Claim and Release form, in order to receive the Class Member's share(s), if any, of the Net Settlement Fund defined in the Stipulation. A.B. Data, Ltd. is appointed as Settlement Administrator and the Settlement Administrator shall ensure that each Proof of Claim and Release form provided to Class Members contains a copy of such release and covenant not to sue. However, each Class Member's claims shall be released pursuant to Section 4 of the Stipulation, regardless of whether the Settlement Class Member executes a release and covenant not to sue pursuant to this paragraph.

12. The Releasing Parties' releases of the Settled Claims against the Released Parties as set forth in the Stipulation and this Final Approval Order and Final Judgment are approved. Upon the Effective Date, the Releasing Parties shall release, discharge, and be forever enjoined from prosecuting the Settled Claims against the Released Parties. All Releasing Parties

3

covenant and agree that they shall not hereafter seek to establish liability against any Released Party or any other Person based on the facts, conduct, or events, during the Class Period, underlying this Action. The Releasing Parties shall not use the Stipulation or the Settled Claims in connection with any other litigation.

13. The Stipulation and the Final Approval Order and Final Judgment are binding on, and have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings against a Released Party involving the Settled Claims that are maintained by or on behalf of Plaintiffs and each Releasing Party.

14. The Court permanently bars and enjoins Plaintiffs and all Releasing Parties from: (a) filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction against Cascade, the Released Parties, or any other Person based on the facts, conduct, or events, during the Class Period, underlying this Action; (b) filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any Class Members (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), against Cascade, the Released Parties, or any other Person based on the facts, conduct, or events, during the Class Period, underlying this Action; or (c) organizing Class Members into a separate group, class, or subclass for purposes of pursuing as a purported class action any lawsuit or administrative, regulatory, arbitration, or other proceeding (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) against Cascade, the Released Parties, or any other Person based on the facts, conduct, or events, during the Class Period, underlying this Action.

15. The Court permanently bars and enjoins claims by any Person against the Released Parties for contribution, indemnification, or similar claims (however denominated) for all or a portion of any amounts paid or awarded in the Action—or any other action based on the facts, conduct, or events, during the Class Period, underlying this Action—by way of settlement, judgment, or otherwise, in the manner and to the fullest extent permitted under the law of Kansas or any other jurisdiction that might be construed or deemed to apply for claims of contribution, indemnification, or similar claims against any Released Party. Notwithstanding the foregoing, should any court determine that any Person is or was legally entitled to any kind of contribution or indemnification from the Released Parties arising out of or related to the Settled Claims, any money judgment

subsequently obtained by the Releasing Parties against any Person shall be reduced to an amount such that, upon paying the entire amount, the Person would have no claim for contribution, indemnification, or similar claims against the Released Parties.

16. Neither the Stipulation (nor its exhibits), whether or not it shall become Final, nor any negotiations, documents exchanged among counsel for Plaintiffs and Cascade in connection with settlement discussions, and discussions associated with them, nor the Final Approval Order and Final Judgment are or shall be deemed or construed to be an admission, adjudication, or evidence of: (a) any violation of any statute or law or of any liability or wrongdoing by Cascade or any Released Party; (b) the truth of any of the claims or allegations alleged in the Action; (c) the incurrence of any damage, loss, or injury by any Person; (d) the existence or amount of any manipulation of the market for CBOT Wheat Futures or Options; or (e) the propriety of certification of a class other than solely for purposes of the Settlement. Further, neither the Stipulation (nor its exhibits), whether or not it shall become Final, nor any negotiations, documents exchanged among counsel for Plaintiffs and Cascade in connection with settlement discussions, and discussions associated with them, nor the Final Approval Order and Final Judgment, may be discoverable, offered or received in evidence, or used directly or indirectly, in any way, whether in the Action or in any other action or proceeding of any nature, by any Person, except if warranted by existing law in connection with a dispute under the Stipulation or an action (including this Action) in which the Stipulation is asserted as a defense. The Parties, without the need for approval from the Court, may adopt such amendments, modifications, and expansions of the Stipulation and all exhibits thereto as (i) shall be consistent in all material respects with the Final Approval Order and Final Judgment; and (ii) do not limit the rights of Settling Class Members.

17. The Proof of Claim and Release form, Distribution Plan, and the Supplemental Agreement referenced in the Settlement Agreement are each approved as fair, reasonable, and adequate.

18. The Settlement Administrator shall administer the claims administration process, including the calculation of claims submitted by Class Members. All Class Members shall submit a Proof of Claim and Release ("Claim") under penalty of perjury by the date set forth in the Notice of Proposed Class Action Settlement, June 9, 2023 Settlement Hearing Thereon, and Class Members' Rights sent to Class Members. Class Counsel may, in their discretion, accept for processing late-submitted Claims so long as the settlement administration is not materially delayed.

19. If a Claim is deficient, the Settlement Administrator shall send the Class Member a deficiency letter which will give the Class Member at least twenty days to cure the deficiency. If the Class Member fails to cure the deficiency within the specified period, the Settlement Administrator shall send the Class Member a letter notifying the Class Member that the Claim has been rejected. The rejection letter will advise the Class Member of the reason(s) for the rejection of the Claim and his, her, or its right to review the determination of the Claim. If the Claim is still rejected, the Class Member shall then be allowed to move this Court for review no later than seven days after Class Counsel submits an application for the distribution of the Net Settlement Fund to eligible claimants.

20. Separate orders shall be entered regarding Class Counsel's Fee and Expense Application and Plaintiffs' request for a Service Award. But the Effective Date of the Settlement is the date this Order is entered.

21. The word "days," as used herein, means calendar days. In the event that any date or deadline set forth herein falls on a weekend or federal or state legal holiday, such date or deadline shall be deemed moved to the first Business Day thereafter.

22. This Final Approval Order and Final Judgment is final.


Date:  June 16, 2023                          s/ Toby Crouse
                                              Toby Crouse
                                              United States District Judge