**In the United States District Court
for the District of Kansas**

---

Case No. 19-cv-02449-TC-ADM

---

BUDICAK INC., ET AL.,

*Plaintiffs*

v.

LANSING TRADE GROUP, LLC, ET AL.,

*Defendants*

---

**ORDER**

On December 19, 2022, a proposed settlement between Plaintiffs and Defendants was preliminarily approved. Doc. 358. After the members of the putative class were given notice and an opportunity to opt out of the settlement, Plaintiffs filed an uncontested Motion for Final Approval of Class Action Settlement, Doc. 364, and a final settlement hearing was held, *see* Doc. 376. Final approval was entered on the settlements between Plaintiffs and Lansing, Doc. 379, and between Plaintiffs and Cascade, Doc. 378. Plaintiffs also filed an uncontested motion for attorney fees. Doc. 365. For the following reasons, that motion is granted.

1. Subject-matter jurisdiction exists over this matter and personal jurisdiction exists over the parties. *See* Doc. 378 at ¶ 1.

2. Federal Rule of Civil Procedure 23(h) permits an award of "reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Plaintiffs and Lansing agreed to this award of attorney fees in their Stipulation. Doc. 351-1 at ¶ 8(b).

3. In the Tenth Circuit, percentage-of-the-fund is the preferred method of determining attorney fees in common-fund cases. *See, e.g.*, *Voulgaris v. Array Biopharma, Inc.*, 60 F.4th 1259, 1263 (10th Cir. 2023) (citing *Chieftain Royalty Co. v. Enervest Energy Institutional Fund XIII-A,*

1

*L.P.*, 888 F.3d 455, 458 (10th Cir. 2017)). That method "awards class counsel a share of the benefit achieved for the class." *Id.*

2. Notice of the Fee and Expense Application was provided to potential Settlement Class Members[1] in a reasonable manner, and that notice complied with Rule 23(h)(1) of the Federal Rules of Civil Procedure and due process requirements.

3. The Court hereby awards Class Counsel attorney fees of $6,000,000 (33.33% of the Settlement Fund) and litigation expenses of $476,401.92, together with interest for the same time period and at the same rate as earned by the Settlement Fund until paid, which shall be paid out of the Settlement Fund.

4. The *Johnson* factors apply when considering the reasonableness of an award of attorney fees. *Voulgaris*, 60 F.4th at 1263. The *Johnson* factors are:

> (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) any prearranged fee-this is helpful but not determinative; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 1263 n.1 (quoting *Brown v. Phillips Petroleum Co.*, 838 F.2d 451, 454–55 (10th Cir. 1988)). In making this award of attorney fees and payment of litigation expenses, the Court has considered and found that:

---

[1] This Order uses the definitions defined in both Stipulations. *See* Doc. 351-1 at ¶¶ 1(a)–(pp); Doc. 351-2 at ¶¶ 1(a)–(bb).

    a. the Settlement Agreements with Defendants have created a fund of $18,000,000 in cash that Lansing has paid into an escrow account pursuant to the terms of the Settlement Agreement;

    b. Class Members that submit valid Proofs of Claim and Release will benefit from the Settlements reached because of Class Counsel's efforts;

    c. Class Counsel have devoted significant time and labor, foregoing other work while they prosecuted the Action and achieved the Settlements with skill, perseverance, and diligent advocacy;

    d. The Action involved numerous complex factual and legal issues, the resolution of which, in the absence of the Settlements, would have involved lengthy proceedings with uncertain outcomes;

    e. Had Class Counsel not achieved the Settlements with Defendants, there would be a significant risk that Plaintiffs and the Settlement Class would recover less than the relief provided by Settlements or nothing from Defendants;

    f. The contingent nature, risks, and complexity of the Action favor the fee awarded above;

    g. Public policy considerations support the requested fee, as only a small number of firms have the requisite expertise and resources to successfully prosecute cases such as the Action;

    h. Notice was disseminated stating that Class Counsel would move for attorney fees of not more than $6,000,000 (which is 33.33% of the Settlement Fund), payment of litigation expenses and costs not to exceed $750,000, plus interest; and

    i. The amount of attorney fees awarded and expenses to be paid from the Settlement Fund are fair and reasonable in view of the applicable legal principles and the particular facts and circumstances of the Action, and are commensurate with awards in similar class actions.

    5. This Court retains continuing jurisdiction over the Parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation, or enforcement of this Order.

6. The attorney fees and payment of expenses awarded herein may be paid to Class Counsel from the Settlement Fund immediately upon entry of this Order, subject to the terms, conditions, and obligations of the Settlement Agreements which terms, conditions, and obligations are incorporated herein.

Plaintiffs' motion for attorney fees, Doc. 365, is therefore GRANTED. Class Counsel is entitled to $6,000,000 in fees and $476,401.92 in expenses, plus interest as detailed above.

It is so ordered.

Date:  June 16, 2023                             s/ Toby Crouse
                                                 Toby Crouse
                                                 United States District Judge